IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANDREW WILLIAM AGNEW                                                                         PLAINTIFF

v.                                    Case No. 4:21-cv-01222-LPR

CONAGRA BRANDS                                                                               DEFENDANT

**ORDER**

Plaintiff Andrew Agnew alleges that defendant Conagra Brands is liable for "employment discrimination, harassment, retaliation, wrongful termination[], [maintaining a] hostile work environment, and unfair[] representation, both intentional and systemic, on the basis of race, national origin, and sex . . . ."[1] Specifically, Mr. Agnew says that Conagra wrongfully fired him for (allegedly) sleeping on the job, took over a year to hear his case, and offered him $9,500 to not talk about the case or sue.[2] Mr. Agnew's Amended Complaint sets forth four causes of action: (1) violations of 42 U.S.C. § 1981; (2) violations of Title VII of the Civil Rights Act of 1964; (3) violations of the "Arkansas Fair Employment and Housing Act, Government Code § 12940, et seq."; and (4) violations of the "Arkansas Unfair Business Practices Act, Business and Professions Code Title 17 § 17-52-321 et seq." and "Unfair Competition Law Arkansas Code § 23-66-205."[3]

Before the Court is Conagra's Motion to Dismiss for Failure to State a Claim.[4] The Court GRANTS Conagra's Motion in part. Conagra is right that, as currently pled, there is not enough to make any of Mr. Agnew's claims plausible. But perhaps Mr. Agnew can fix that. The Court gives Mr. Agnew leave to amend his Complaint. If Mr. Agnew does not amend his Complaint

---

[1] Am. Compl. (Doc. 4) ¶ 1.

[2] *Id.* ¶ 8.

[3] *Id.* ¶ 1.

[4] Mot. to Dismiss (Doc. 30).

within twenty-one days of the date of this Order, the Court will dismiss his claims against Conagra. If he does amend, the Court will entertain new motion-to-dismiss briefing.

## BACKGROUND

Pro se Plaintiffs Andrew Agnew and Wanda Thompson filed their initial Complaint on November 18, 2021,[5] and their First Amended Complaint on November 24, 2021.[6] On December 20, 2021, the Court severed the case.[7] Thus, the operative pleading before the Court is the Amended Complaint as it relates to Mr. Agnew.[8]

The Amended Complaint says that Mr. Agnew is a "Caucasian male" who "worked in boiler and refrigeration at [Conagra's] Russellville, Arkansas facility in 2019."[9] The Amended Complaint explains that Conagra is a "national corporation headquartered in Chicago" whose "major business involves frozen food . . . ."[10] The Amended Complaint asserts that Mr. Agnew was terminated on or about March 21, 2019, for allegedly sleeping on the job, that Conagra "t[ook] over a year to hear his case," and that Conagra "offer[ed] him $9,500 if he would not talk about the case or sue."[11] According to the Amended Complaint, this offer to pay is tantamount to "admitting [wrongdoing] on Con[a]gra's part."[12]

---

[5] Compl. (Doc. 3).

[6] Am. Compl. (Doc. 4)

[7] Order (Doc. 1).

[8] The Amended Complaint (Doc. 4) supersedes the initial Complaint (Doc. 3) and thus renders the initial Complaint without legal effect. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Thus, any facts in the initial Complaint that are not included in the Amended Complaint are not considered here. If Mr. Agnew wants the Court to consider any facts from the initial Complaint that were not in the Amended Complaint, he will need to include them in his Second Amended Complaint.

[9] Am. Compl. (Doc. 4) ¶ 8.

[10] *Id.* ¶¶ 9–10.

[11] *Id.* ¶ 8.

[12] *Id.*

Mr. Agnew alleges that he then filed a charge of discrimination with the EEOC, and that the EEOC issued a statement that "a white man could not file a discrimination complaint, although he was treated differently."[13] Finally, Mr. Agnew also alleges that Conagra retaliates against employees that call organizations like OSHA and the EEOC, voids a job when an employee it doesn't want to have that job is awarded that job, "[m]andat[es] extra training when no others were made to have extra training," "[a]sk[s] . . . hourly employees about [other] employee[s]," and talks to employees about other employees' "confidential business."[14]

Mr. Agnew also submitted additional materials beyond his Amended Complaint. He submitted a single-page Supplement to his Amended Complaint, which was nothing more than conclusory phrases that appear to allege that he was treated less favorably, singled out, unfairly treated, unfairly represented by his union, and retaliated against.[15]  He also attached numerous exhibits to his Opposition to Conagra's Motion to Dismiss, including emails, reports, grievance forms, Incident Summaries, Employee Warning Notices, Audiometric test results, an Arbitration Opinion, and a Settlement Agreement.[16]  However, these exhibits are not embraced by the Amended Complaint and therefore cannot be considered here.[17]

---

[13] *Id.* ¶ 8. Mr. Agnew states that copies of that charge and notice are attached to the Amended Complaint.  But there are no such exhibits anywhere in the record, including as attachments to the Amended Complaint.

[14] *Id.* ¶¶ 15–19.  The Amended Complaint also makes numerous, conclusory allegations related to class certification. *See id.* ¶¶ 20–28.

[15] Suppl. to Am. Compl. (Doc. 8).

[16] Pl.'s Opp'n to Mot. to Dismiss (Doc. 37).

[17] A document is embraced by a complaint when it is (among other things) incorporated by reference, integral to the claim, attached to the complaint, or referenced by inference. *See Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017); *Dittmer Props., L.P. v. Fed. Deposit Ins. Corp.*, 708 F.3d 1011, 1021 (8th Cir. 2013).  The exhibits do not fall within any of these categories and therefore cannot be considered.  If Mr. Agnew wants the Court to consider these exhibits at this stage of the litigation, he will need to attach them to his Second Amended Complaint.

There's a nonfrivolous argument that the Arbitration Opinion and Settlement Agreement are embraced by the Amended Complaint.  That is because the Amended Complaint alleges that Conagra "[took] over a year to hear [Mr. Agnew's] case" and "offer[ed Mr. Agnew] $9,500" to "not talk about the case or sue." Am. Compl. (Doc. 4) ¶ 8.  However, in the Court's view, these allegations do not clearly enough reference the Arbitration Opinion and Settlement Agreement for these exhibits to be considered embraced by the Amended Complaint.

3

**MOTION TO DISMISS STANDARD**

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] "Factual allegations are taken to be true at the motion-to-dismiss stage because the plaintiff has not had a full opportunity to conduct discovery and thereby uncover facts that support his or her claim."[20] But a court need not accept "conclusory statements" or "naked assertions devoid of further factual enhancement."[21] A pro se complaint is construed liberally, but it must contain enough factual allegations to state a claim to relief that is plausible on its face, not merely conceivable.[22]

**DISCUSSION**

As currently pled in his Amended Complaint, all of Mr. Agnew's claims against Conagra fail to state viable claims.[23] The facts alleged in his Amended Complaint are glaringly insufficient to support a claim for discrimination or retaliation, and the state laws Mr. Agnew alleges Conagra violated are either nonexistent or inapplicable.

---

[18] *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[19] *Iqbal*, 556 U.S. at 678.

[20] *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).

[21] *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

[22] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[23] In addition to the claims raised in his Amended Complaint, Mr. Agnew raised two new claims in his Opposition to Conagra's Motion to Dismiss: Violations of 42 U.S.C. § 12203 and A.C.A. § 16-123-108. Because neither of these claims were alleged in his Amended Complaint, the Court will not consider them here. If Mr. Agnew wants the Court to consider these claims, he will need to include them in his Second Amended Complaint.

I.      **Title VII**

Mr. Agnew's Title VII claim has two problems. First, it is not at all clear that Mr. Agnew timely exhausted his administrative remedies with the EEOC. To bring a Title VII claim, Mr. Agnew was first required to file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment practice.[24] Mr. Agnew alleges that he filed a charge of discrimination with the EEOC, but he did not include a copy of the purported charge in his Amended Complaint and did not state the date that it was filed. There is no way for the Court to determine from his Amended Complaint whether the charge was appropriately filed before September 17, 2019.[25] The Court suspects that, were this case to proceed on to summary judgment, it is likely that Conagra would have a strong affirmative defense based on lack of exhaustion.[26]

Second, and more pressing at this stage of the litigation, Mr. Agnew's Title VII claim fails to allege facts even approaching a plausible claim. To state a prima facie case of discrimination under Title VII, a plaintiff must show that he "(1) is a member of a protected class; (2) was meeting [his] employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of [his] protected class."[27] Of course, Mr. Agnew is not required to make out a prima facie case at the motion-to-dismiss stage. But the elements of a prima facie case are "part of the background against which a plausibility determination should be made."[28]

---

[24] 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018).

[25] September 17, 2019 is 180 days after March 21, 2019, which is the date that Mr. Agnew alleges he was fired.

[26] Failure to exhaust administrative remedies is an affirmative defense that must be proved by the defendant unless the failure is apparent on the face of the complaint. *See Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007); *Williams v. Target Stores*, 479 F. App'x 26, 28 (8th Cir. 2012); *ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013).

[27] *Jackman v. Fifth Jud. Dist. Dep't of Correct. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013).

[28] *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021).

Mr. Agnew's Amended Complaint is devoid of factual allegations suggesting discrimination. To the extent race, sex, or national origin is mentioned, it is implied in conclusory statements such as "Defendant[] discriminat[ed] against [Mr. Agnew in violation of] Title VII," or "[D]efendant intentionally violated the rights of [Mr. Agnew] under [Title] VII."[29] While Mr. Agnew says that he was "treated differently," he doesn't state clearly that he was treated differently on the basis of race, sex, or national origin.[30] His claim is that he was fired for allegedly sleeping on the job, that Conagra took over a year to hear his case, and that Conagra offered him $9,500 if he would not talk about the case or sue.[31] None of this—without more to connect the conduct to discriminatory motivations—states a viable claim for discrimination. If anything, the fact that he was fired for allegedly sleeping on the job suggests he was not meeting Conagra's legitimate work expectations.

**II.    42 U.S.C. § 1981**

Mr. Agnew's claim under 42 U.S.C. § 1981 is also deficient. First, it is unclear whether Mr. Agnew is even bringing a claim under § 1981. Under the heading for the § 1981 claim in his Amended Complaint, there is a statement in parentheses that qualifies the claim as being "on behalf of the Black American Plaintiff of the Class."[32] Because Mr. Agnew is Caucasian, it is not clear (and not likely) that Mr. Agnew is pleading a § 1981 claim. It is more likely this claim was part of the now-separate claims of Ms. Thompson.

Even assuming Mr. Agnew is trying to plead some kind of § 1981 claim, it is unclear whether Mr. Agnew is alleging § 1981 discrimination or § 1981 retaliation. So the Court will

---

[29] Am. Compl. (Doc. 4) ¶¶ 38–39.

[30] *Id.* ¶ 8.

[31] *Id.*

[32] *Id.* at 12.

6

analyze both. The elements of a § 1981 discrimination claim are (1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant.[33] The elements for retaliation under § 1981 are (1) the plaintiff engaged in protected activity, (2) the plaintiff suffered a materially adverse employment action, and (3) the materially adverse action was causally connected to plaintiff's protected activity.[34] Importantly, to state either a § 1981 discrimination or § 1981 retaliation claim, a plaintiff must allege facts that show but-for causation.[35] To state a § 1981 discrimination claim, a plaintiff must plead facts that show, "but for race, [he] would not have suffered the loss of a legally protected right."[36] And to state a § 1981 retaliation claim, a plaintiff must plead facts that show that the "desire to retaliate was the but for cause of the adverse action."[37]

For the same reasons as discussed in the preceding section regarding Mr. Agnew's Title VII claim, the Court concludes that Mr. Agnew has not alleged any facts to suggest that race played any role (let alone the but-for causal role) in his firing. Additionally, he has not pled any facts suggesting he engaged in protected activity. Other than the conclusory statement that Conagra retaliates against employees that call organizations like OSHA and the EEOC, he has not alleged that he ever made such a call during his employment or was fired for doing so.[38]

---

[33] *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009).

[34] *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013).

[35] *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020); *Onyiah v. St. Cloud State Univ.*, 5 F.4th 926, 930 (8th Cir. 2021).

[36] *Comcast Corp.*, 140 S. Ct. at 1019.

[37] *Onyiah*, F.4th at 930 (cleaned up).

[38] In his brief opposing the Motion to Dismiss, Mr. Agnew asserts that "[a]fter [Mr. Agnew] filed grievances, ethics reports, [and] OSHA violation reports, [Conagra] then pursued the opportunity to terminate him." Pl.'s Opp'n to Mot. to Dismiss (Doc. 37) at 1. This allegation is not in his Amended Complaint. Even if it were, it's too vague to count as protected activity. If Mr. Agnew files a Second Amended Complaint, it would be wise of him to allege specific facts showing what "protected activity" he engaged in, when he engaged in it, and how his termination was related to the activity.

### III. State Law Claims

Mr. Agnew's state law claims also fail. First, Mr. Agnew alleges that Conagra violated the "Arkansas Fair Employment and Housing Act, Government Code § 12940 . . . ."[39] The problem for Mr. Agnew is that there is no "Arkansas Fair Employment and Housing Act." The closest thing the Court can find is the Arkansas Fair Housing Act.[40] But that Act deals with discrimination in real estate transactions, which is not at issue in this case.

Similarly, it is not clear what "Government Code § 12940" refers to.[41] The closest thing the Court can find is California Government Code § 12940, which happens to be codified under the California Fair Employment and Housing Act. But Mr. Agnew has not alleged anything to suggest that California law should apply in this case. Therefore, the Court's best guess as to what is going on here is that Mr. Agnew inadvertently and mistakenly filed a claim against Conagra under California state law.

Second, Mr. Agnew alleges that Conagra violated "Arkansas Unfair Business Practices Act, Business and Professions Code Title 17 § 17-52-321 et seq." and "Unfair Competition Law Arkansas Code § 23-66-205."[42] But neither of these statutes are applicable to Conagra. Section 17-52-321 deals with unfair business practices by a "home inspector, a company that employs the home inspector, or a company that has a financial interest in a company employing a home inspector . . . ."[43] Section 23-66-205 deals with unfair competition and deceptive acts "in the business of insurance."[44] Per Mr. Agnew's Amended Complaint, Conagra is a frozen food

---

[39] Am. Compl. (Doc. 4) ¶ 1.

[40] Ark. Code Ann. § 16-123-204.

[41] Am. Compl. (Doc. 4) ¶ 1.

[42] *Id.*

[43] Ark. Code Ann. § 17-52-321.

[44] *Id.* § 23-66-205.

business.[45] There is nothing in the Amended Complaint suggesting that Conagra is involved with home inspection or insurance.

## CONCLUSION

There are glaring deficiencies with Mr. Agnew's Amended Complaint. But he is a pro se litigant, so some leniency is appropriate.[46] While Mr. Agnew has not sought leave to amend his Complaint, the Court "should freely give leave [to amend] when justice so requires."[47] And it may do so *sua sponte*.[48] Considering "the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits," the Court grants Mr. Agnew leave to Amend his Complaint.[49] He will have twenty-one days from the date of this Order to file a Second Amended Complaint (if he believes he can fix the deficiencies identified in this Order). If Mr. Agnew does not amend his Complaint within twenty-one days of the date of this Order, the Court will dismiss his claims against Conagra.

It is imperative that Mr. Agnew understand that (1) a Second Amended Complaint will nullify all prior Complaints he has filed in this litigation, and (2) therefore he must include in his Second Amended Complaint all factual allegations and all documents that he wants the Court to consider (at this stage of the litigation) in connection with his claims. Any allegations or documents related to his claims that are not expressly included with the Second Amended Complaint will not be considered for purposes of evaluating whether he states a viable claim.

---

[45] Am. Compl. (Doc. 4) ¶ 10.

[46] *See Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043–44 (8th Cir. 2002) (noting that pro se complaints are to be liberally construed).

[47] Fed. R. Civ. P. 15(a)(2); *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009).

[48] *See Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022).

[49] *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009).

IT IS SO ORDERED this 22nd day of February 2023.

                                                                                      _____
                                                                                       LEE P. RUDOFSKY
                                                                                       UNITED STATES DISTRICT JUDGE