**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANDREW WILLIAM AGNEW**                                                              **PLAINTIFF**

**v.**                              **Case No. 4:21-CV-01222-LPR**

**CONAGRA BRANDS**                                                              **DEFENDANT**

**<u>ORDER</u>**

This is the Court's second motion to dismiss ruling.  On February 22, 2023, the Court granted in part Conagra's original Motion to Dismiss.  In that Order, the Court explained the "glaring deficiencies" with the claims Mr. Agnew was trying to state in his Amended Complaint.[1] Although Mr. Agnew did not ask for the opportunity to amend his Complaint, the Court gave him such an opportunity.[2]  The Court made clear, however, that any new complaint would render all prior complaints a nullity:

> It is imperative that Mr. Agnew understand that (1) a Second Amended Complaint will nullify all prior Complaints he has filed in this litigation, and (2) therefore he must include in his Second Amended Complaint all factual allegations and all documents that he wants the Court to consider (at this stage of the litigation) in connection with his claims.  Any allegations or documents related to his claims that are not expressly included with the Second Amended Complaint will not be considered for purposes of evaluating whether he states a viable claim.[3]

On March 14, 2023, Mr. Agnew filed a Second Amended Complaint.  That Complaint abandoned all, or nearly all, of his prior claims.[4]  As the Defendant contends, the Second Amended Complaint seems to be trying to set out a state law claim for wrongful termination and/or some

---

[1] Order Granting in Part Def.'s Mot. to Dismiss (Doc. 38) at 9.

[2] *Id.*

[3] *Id.*

[4] Second Am. Compl. (Doc. 41) at 1–4.

type of challenge to the arbitration award in this case.[5]  For precisely the reasons discussed in Defendant's Brief in Support of its Motion to Dismiss the Second Amended Complaint, Mr. Agnew fails to state any viable cause of action.[6]  The Defendant's brief is entirely correct, and so the Court need not reinvent the wheel in this Order.  The instant Motion to Dismiss is GRANTED.  All claims in this case are dismissed without prejudice.

IT IS SO ORDERED this 19th day of March 2024.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] Def.'s Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 44) at 1; Second Am. Compl. (Doc. 41) at 2–4.

[6] Def.'s Br. in Supp. of Mot. to Dismiss Second Am. Compl. (Doc. 44) at 2–6.